## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Healthcare Everywhere, Inc.

v.

Edwards

April 13, 1995

Case No. CL940886

BY JUDGE ALFRED D. SWERSKY

Defendant's motion to quash service will be granted.

Plaintiff filed this action seeking damages for a breach of contract alleged in the motion for judgment to have been entered into in Alexandria, Virginia, defendant being a resident of Pennsylvania.

Defendant's affidavit states, among other things, that the agreement was entered into in Pennsylvania, and plaintiff has not filed a counter affidavit. Further, defendant swears that he was solicited by plaintiff by phone at his office in Pennsylvania and that there were approximately eight phone calls between the parties with regard to the contract. The activities for which plaintiff claims compensation occurred in Pennsylvania.

Under the circumstances of this case, the long-arm statute would confer jurisdiction over defendant. However, when weighing the "minimum contacts" with Virginia, the Court finds them to be insufficient for due process purposes. There is no evidence that defendant "purposefully directed" his activities at Virginia, and clearly this litigation does not result from activities purposefully directed at Virginia residents. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

The facts in this case are distinguishable from *English & Smith v. Metzger*, 901 F.2d 36 (4th Cir. 1990), relied on by plaintiff.

For the foregoing reasons, defendant's motion to quash is granted.